Court Of Criminal Appeals                    12/28/2014
ATTN: Mr. Abel Acosta, Clerk
  P.O. BOX 12308, CAPITOL STATION
  Austin, Texas 78711


RE: RETURN OF APPLICATION/PETITION FOR DISCRETIONARY REVIEW
  PD - 1335 - 14


Dear Mr. Abel Acosta
  I am returning this document and asking that it be
filed as a Petition For Discretionary Review. The time
limitation for filing was 12/12/14. Further please
ask the Honorable Court if it would consider
expediting this matter as my health is an issue.
  YOUR ASSISTANCE IS APPRECIATED


C.C. File.                            SINCERELY
                                     Michael Finn # 1919109
                                     POLUNSKY UNIT
RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 14 2015

Abel Acosta, Clerk
                                     3872 F.M. 350 South
                                     Livingston, Texas 77351

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 03 2014

Abel Acosta, Clerk

## INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

PETITION FOR DISCRECTIONARY REVIEW

**COURT OF CRIMINAL APPEALS OF TEXAS**
~~APPLICATION FOR A WRIT OF HABEAS CORPUS~~
~~SEEKING RELIEF FROM FINAL FELONY CONVICTION~~ RECEIVED IN
~~UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07~~ COURT OF CRIMINAL APPEALS

DEC 03 2014

Abel Acosta, Clerk

## INSTRUCTIONS

1.  You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2.  The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3.  You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4.  You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5.  Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6.  You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7.  Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8.  You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9.  When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

Case No. PD -1335 -14
(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## PETITION FOR DISCRETIONARY REVIEW
~~APPLICATION FOR A WRIT OF HABEAS CORPUS~~
~~SEEKING RELIEF FROM FINAL FELONY CONVICTION~~
~~UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07~~

NAME: MICHAEL JOSEPH FINN

DATE OF BIRTH: 02 / 14 / 1948

PLACE OF CONFINEMENT: ALLAN B. POLUNSKY UNIT / LIVINGSTON, TX 77351

TDCJ-CID NUMBER: 1919109     SID NUMBER: _____

(1)    This application concerns (check all that apply):

☐   a conviction        ☐   parole

☐   a sentence        ☐   mandatory supervision

☐   time credit        ☑   out-of-time appeal or petition for discretionary review

(2)    **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

18 th Judicial District Court / Johnson County

(3)    **What was the case number in the trial court?**

F 47142

(4)    **What was the name of the trial judge?**

HONORABLE JOHN E. NEILL

Rev. 01/14/14

**(5)** Were you represented by counsel? If yes, provide the attorney's name:

YES, MR. MICHAEL J ROGERS (RETAINED); MR. DAREN R. VAN SLYKE AND MS. JENNIFER ENRIGHT REPRESENTED APPLICANT AT TRIAL

**(6)** What was the date that the judgment was entered?

APRIL 09, 2014

**(7)** For what offense were you convicted and what was the sentence?

CONTINUOUS SEXUAL ABUSE OF A CHILD / LIFE W/O PAROLE

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

N/A

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea      ☐ guilty-plea bargain
☑ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

N/A

**(10)** What kind of trial did you have?

☐ no jury          ☑ jury for guilt and punishment
                                  ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_____NO_____

(12) Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?  TENTH COURT OF APPEALS

(B) What was the case number?  10-14-00258-CR

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____NO_____

(D) What was the decision and the date of the decision?  DISMISSED SEPTEMBER 11, 2014

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☑ yes                    ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?  PD-1335-14

(B) What was the decision and the date of the decision?  PENDING

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☑ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number?  N/A

3

Rev. 01/14/14

(B) What was the decision and the date of the decision? _____ N/A _____

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____ N/A _____

_____

_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☑ yes          ☐ no

If you answered yes, please provide the name of the court and the case number:

U.S.C. § 1983 / LUFKIN DIVISION / CASE NO. (UNKNOWN)

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☑ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____ N/A _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____ N/A _____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

N/A

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

Rev. 01/14/14

**GROUND ONE:**

TRIAL COUNSEL GAVE APPLICANT ERRONEOUS ADVICE AS TO HAVING NO GROUNDS FOR

APPEAL RESULTING IN INEFFECTIVE ASSISTANCE OF COUNSEL AND DENIAL OF RIGHT TO APPEAL

**FACTS SUPPORTING GROUND ONE:**

FIRST TRIAL RESULTED IN A MISTRIAL, AFTER JURY HAD BEEN SELECTED, SEATED

AND SWORN. ONE OF THE JURORS CAME FORWARD AND CLAIMED TO KNOW THE

FAMILY. APPROXIMATELY TWO WEEKS LATER APPLICANT WAS RETRIED. AT

THE BEGINNING OF THE SECOND TRIAL, BEFORE TRIAL BEGAN, TRIAL

COUNSEL DAREN R. VAN SLYKE (TOLD) APPLICANT THAT HE DID NOT SEE ANY GROUNDS

FOR APPEAL. AT THE END OF TRIAL, MR. VAN SLYKE AGAIN TOLD APPLICANT

HE DID NOT SEE ANY GROUNDS FOR APPEAL AND ADVISED AGAINST IT, TO WHICH

SECOND TRIAL COUNSEL, MS. JENNIFER ENRIGHT CONCURRED. THIS LEAD

APPLICANT TO NOT EXERCISE HIS RIGHT TO APPEAL. AFTER APPLICANT'S

ARRIVAL IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE APPLICANT LEARNED

THAT COUNSEL GAVE HIM ERRONEOUS ADVICE. TRIAL COUNSEL SHOULD HAVE

FILED NOTICE OF APPEAL, MOTION TO WITHDRAW AS HE LATER DID SO, AND

GIVEN APPLICANT THE FULL 30 DAYS IN WHICH TO DECIDE TO PURSUE AN

6

Rev. 01/14/14

APPEAL, FILE A MOTION FOR NEW TRIAL; TO WHICH APPLICANT BELIEVES WOULD HAVE BEEN GRANTED AND OR MOTION TO ARREST JUDGEMENT. APPLICANT, BECAUSE HE HAD RETAINED TRIAL COUNSEL, POSTED BOND HAD DEPLETED HIS FINANCIAL SITUATION TO SUCH POINT THAT HE COULD NOT AFFORD APPELLATE COUNSEL, AS TRIAL COUNSEL FAILED TO INFORM APPLICANT THAT HE COULD POSSIBLY GET APPELLATE COUNSEL APPOINTED. IF APPLICANT WOULD HAVE BEEN ALLOWED THIS, APPELLATE COUNSEL WOULD HAVE BEEN ABLE TO REVIEW THE COURT REPORTER'S RECORD AS WELL AS THE CLERK'S RECORD AND IF NO GROUNDS FOR APPEAL WERE FOUND HE WOULD HAVE FILED AN ANDER'S BRIEF. THEREFORE APPLICANT PRAYS THAT THIS COURT GRANT HIM HIS RIGHT TO APPEAL BY WAY OF AN OUT OF TIME APPEAL SO APPLICANT CAN EXERCISE HIS CONSTITUTIONAL RIGHTS THAT SHOULD HAVE BEEN AFFORD HIM.

7

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

Rev. 01/14/14

9

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

10

Rev. 01/14/14

**GROUND FOUR:**

**FACTS SUPPORTING GROUND FOUR:**

12

Rev. 01/14/14

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20 _____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: MICHAEL J. FINN # 1919109

State bar number, if applicable: _____

Address: POLUNSKY UNIT

3872 F.M. 350 SOUTH

LIVINGSTON, TEXAS 77351

Telephone: N/A

Fax: N/A

## INMATE'S DECLARATION

I, MICHAEL J. FINN # 1919109 , am the applicant / petitioner (circle one) and

being presently incarcerated in ALLAN B. POLUNSKY UNIT , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on NOV 13 , 20 14

_____
Signature of Applicant / Petitioner (circle one)

17

**PETITIONER'S INFORMATION**

Petitioner's printed name: MICHAEL J. FINN #1919109

Address: POLUNSKY UNIT

3872 F. M. 350 SOUTH

LIVINGSTON, TEXAS 77351

Telephone: _____

Fax: _____

Signed on _____NOV 13_____, 20 14

_____
Signature of Petitioner

18

Rev. 01/14/14

HONORABLE SHARON KELLER                    01/14/15
COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711


Re: FINN, MICHAEL JOSEPH, TDCJ NO. 1919109
    TR. CT. NO. F47142 / COA CASE NO. 10-14-00258-CR
    PD-1335-14

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

HONORABLE JUDGE SHARON KELLER:

NOW COMES, ALEJANDRO LEAL PENA, TDCJ NO. 1915132, AND
HEREINAFTER CALLED PETITIONER AND FILES THIS PETITION
ON BEHALF OF MR. MICHAEL JOSEPH FINN, TDCJ NO. 1919109,
HEREINAFTER CALLED APPLICANT.


THE APPLICANT IS CURRENTLY BEING ILLEGALLY RESTRAINED OF
HIS LIBERTY, BY THE STATE OF TEXAS, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE - CORRECTIONAL INSTITUTIONAL DIVISION,
AT THE ALLEN B. POLUNSKY UNIT IN LIVINGSTON, TEXAS
77351


THE APPLICANT IS CONFINED PURSUANT TO A JUDGMENT OF
CONVICTION OUT OF THE 18TH JUDICIAL DISTRICT COURT
OF JOHNSON, COUNTY TEXAS

A COPY OF SAID JUDGMENT OF CONVICTION CANNOT BE OBTAINED AT THIS TIME BUT MAY BE REFERENCED BY THE ABOVE NOTED CASE NUMBERS.

PETITIONER IS SEEKING RELIEF ON APPLICANT'S BEHALF FOR THE FOLLOWING REASONS:

1). APPLICANT WAS CHARGED AND CONVICTED UNDER TEXAS PENAL CODE ARTICLE 21.02 - CONTINUOUS SEXUAL ABUSE OF A CHILD

2). APPLICANT WAS SENTENCED TO LIFE WITHOUT PAROLE

3) APPLICANT IS A PERSON AFFLICTED WITH DISEASE - (CANCER THAT IS INOPERABLE AND NONCURABLE)

PRIMARILY, PETITIONER BELIEVES THAT APPLICANT'S SENTENCE IS UNCONSTITUTIONAL BECAUSE SECTION (h) OF ARTICLE 21.02 TEXAS PENAL CODE STATES THAT " AN OFFENSE UNDER THIS SECTION IS A FELONY OF THE FIRST DEGREE, PUNISHABLE BY IMPRISONMENT IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE FOR LIFE, OR FOR ANY TERM OF NOT MORE THAN 99 YEARS OR LESS THAN 25 YEARS.

THIS IS IN VIOLATION OF CHAPTER 12 OF THE TEXAS PENAL

CODE, MORE SPECIFICALLY ARTICLE 12.01 - PUNISHMENT IN ACCORDANCE WITH CODE.

(a) A PERSON ADJUDGED GUILTY OF AN OFFENSE UNDER THIS CODE SHALL BE PUNISHED IN ACCORDANCE WITH THIS CHAPTER AND THE CODE OF CRIMINAL PROCEDURE.

(b) PENAL LAWS ENACTED AFTER THE EFFECTIVE DATE OF THIS CODE SHALL BE CLASSIFIED FOR PUNISHMENT PURPOSES IN ACCORDANCE WITH THIS CHAPTER.

PETITIONER POINTS OUT THAT SECTION (b) OF ARTICLE 21.02 IS CLASSIFIED AS A FIRST DEGREE FELONY, THUS TEXAS PENAL CODE ARTICLE 12.32 - FIRST DEGREE FELONY PUNISHMENT APPLIES. APPLICANT IN THIS INSTANCE WAS NOT AFFORDED THE STATUATORY MINIMUM ANNEXED TO THAT ARTICLE AND FURTHER DOES NOT DESIGNATE THAT AN OFFENSE UNDER ARTICLE 21.02 TEX. PEN. CODE AS A CAPITAL OFFENSE AND PROHIBITS THE ELIGIBILITY OF PAROLE AS A CONSEQUENCE. ACCORDINGLY PETITIONER ASSERTS THAT APPLICANT SENTENCE IS VOID AND HIS DUE PROCESS RIGHTS HAVE BEEN VIOLATED. BECAUSE OF THE ABOVE AND THE FACT THAT APPLICANT IS AFFLICTED WITH DISEASE PETITIONER SEEKS RELIEF FOR THIS APPLICANT.

## PRAYER

WHEREFORE PREMISES CONSIDERED, PETITIONER PRAYS THAT THIS HONORABLE JUDGE REVIEW THIS PETITION AND THAT IT FIND THAT RELIEF IS WARRANTED FOR THIS APPLICANT.

C.C. file

RESPECTFULLY SUBMITTED,
*Alejandro Leal Peña* #1915132
ALEJANDRO LEAL PEÑA
POLUNSKY UNIT
3872 F.M 350 SOUTH
LIVINGSTON, TEXAS 77351

## OATH

PETITIONER ASSERTS UNDER PENALTY OF PERJURY THAT THE FOREGOING ALLEGATIONS ARE TRUE AND CORRECT TO THE BEST OF HIS ABILITY.

*Alejandro Leal Peña* #1915132
PETITIONER

④

## CERTIFICATE OF SERVICE

ON 01/14/2015 A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT WAS MAILED BY PLACING THE SAME IN THE MAIL BOX DESIGNATED FOR MAILING OF UNITED STATES MAIL AT THE ALLEN B POLUNSKY UNIT BUILDING 7 3872 F.M. 350 SOUTH, LIVINGSTON, TEXAS 77351 ADDRESSED TO THE HONORABLE SHARON KELLER, COURT OF CRIMINAL APPEALS OF TEXAS, P.O BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

RESPECTFULLY

Alejandro Leal Pena #1915132

⑤